UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JUN 2 9 2009

Clerk, U.S. District and
Bankruptcy Courts

Julia Miller,      )
                   )
        Plaintiff, )
                   )
    v.             )  Civil Action No.   **09 1178**
                   )
Social Security Administration, )
                   )
        Defendant. )

<u>MEMORANDUM OPINION</u>

Plaintiff has filed an application to proceed in forma pauperis and a pro se complaint. The application to proceed in forma pauperis will be granted and the complaint will be dismissed for lack of jurisdiction.

Plaintiff received a communication from the Social Security Administration ("SSA") regarding payments made by the SSA to recipients under the American Recovery and Reinvestment Act. *See* Compl. Ex. The complaint states that the communication is "confusing" and potentially "misleading." Compl. at 1-2. Plaintiff asks this court to confirm that the process identified in the SSA's notification "is not a scam." *Id.* at 2. Further, plaintiff seeks to have "this complaint filed for the record" to establish that plaintiff "only accessed this onetime payment for the month of May 15, 2009." *Id.*

A federal court is a court of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The jurisdiction of this court is expressly limited by Article III of the United States Constitution to hearing and deciding actual cases or controversies. "No principle is more fundamental to the judiciary's proper role in our system of government than the

constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Simon v. Eastern Ky. Welfare Rights Organization,* 426 U.S. 26, 37 (1976) (quoted in *Raines v. Byrd,* 521 U.S. 811, 818 (1997) and *DaimlerChrysler Corp. v. Cuno,* 547 U.S. 332, 341 (2006)).

The complaint in this case does not identify any case or controversy. It also does not indicate that the plaintiff has been injured in any way by the defendant, the SSA, which is an essential component of a case or controversy. *See Lujan v. Defenders of Wildlife,* 54 U.S. 555, 559 (1992). While an agency may well be willing to provide an explanation or clarification of its own statements, outside the context of a case or controversy, a federal court does not do so. Accordingly, the complaint will be dismissed for lack of subject matter jurisdiction. An appropriate order accompanies this memorandum opinion.

Date: 6/19/09

United States District Judge

2